**SURVIVAL SYSTEMS, USA, INC., Plaintiff,**

v.

**The UNITED STATES of America, Defendant,**

and

**ProActive Technologies, LLC, Defendant–Intervenor.**

No. 11–534 C.

United States Court of Federal Claims.

Filed Under Seal: Oct. 13, 2011.

Re-filed: Oct. 28, 2011.[1]

1. This Order was filed under seal on October 13, 2011. The court directed that, if any party believed that the October 13 Order contained protected material that should be redacted before

publication, that party shall, by motion filed on or before October 24, 2011 at 12:00 noon Eastern Daylight Time, request that such protected material be redacted. Having received no mo-

Paul M. Vincent, Washington, DC, for plaintiff.

Kenneth D. Woodrow, with whom were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant. Lisa Daniel–Wentz, Counsel for the United States Marine Corps, Orlando, FL, of counsel.

Holly Emrick Svetz, Tysons Corner, VA, for defendant-intervenor. James K. Kearney and Steven W. Cave, of counsel.

## ORDER

HEWITT, Chief Judge.

Before the court are Plaintiff Survival Systems, USA, Inc.'s Memorandum in Support of Its Motion for Judgment on the Administrative Record (Pl.'s Mot.), Docket Number (Dkt. No.) 30, filed September 19, 2011; Defendant's Cross–Motion for Judgment Upon the Administrative Record and Opposition to Plaintiff's Motion for Judgment Upon the Administrative Record (Def.'s Opp.), Dkt. No. 33, filed September 30, 2011; Defendant's Motion for Leave to File Supplement to the Administrative Record Under Seal (defendant's Motion or Def.'s Mot.), Dkt. No. 34, filed September 30, 2011; Plaintiff's Opposition to Defendant's Motion to Supplement the Administrative Record (plaintiff's Response or Pl.'s Resp.), Dkt. No. 38, filed October 4, 2011; and Defendant's Reply in Support of Its Motion for Leave to File Supplement to the Administrative Record (Def.'s Reply), Dkt. No. 39, filed October 6, 2011. Defendant filed the Administrative Record (AR) on September 6, 2011, pursuant to the court's August 25, 2011 Order, Dkt. No. 14, and September 6, 2011 Order, Dkt. No. 21. Defendant thereafter filed an additional part of the AR (Add. AR) on September 8, 2011, a filing that was subsequently authorized by the court's September 9, 2011 Order, Dkt. No. 28.

## I. Background

This is a bid protest brought by Survival Systems, USA, Inc. (SSI or plaintiff), a small business that protests the award by the United States Marine Corps (USMC or agency) of a "lowest price technically acceptable" contract to defendant-intervenor, ProActive Technologies, LLC (ProActive). *See generally* Complaint for Declaratory and Injunc-

tion for redaction from either party, the court publishes the October 13, 2011 Order in its entirety.

tive Relief Federal Procurement (Compl.), Dkt. No. 1, at 1, 8.

The USMC issued Solicitation No. M67854–09–R–8005 (Solicitation or Request for Proposal (RFP)) on July 2, 2009, seeking to obtain Modular Amphibious Egress Training (MAET) for four USMC bases. AR Tab 1. The Solicitation as initially issued was a best-value, small business set-aside. *Id.* at 100–01. Four offerors submitted proposals, three of which, SSI, ProActive and DMS International (DMS), passed the competitive range evaluation. AR Tab 49 at 4992. The initial award was made to ProActive, but was subsequently protested at the Government Accountability Office (GAO). *Id.* In response, the USMC voluntarily took corrective action and allowed for re-competition. *Id.*

In August 2010, after re-competition, the USMC notified SSI that it had awarded the contract to DMS. AR Tab 49 at 4993. This award was followed by a second round of GAO bid protests, *id;* AR Tab 36 at 4852, in which it was argued that DMS had proposed staffing too low to provide satisfactory performance. AR Tab 49 at 4993. Plaintiff and ProActive both also filed size protests with the Contracting Officer for forwarding to United States Small Business Administration. *Id.* The agency cancelled the award to DMS and again took corrective action. *Id.* On May 2, 2011, the agency issued Amendment 15 to the Solicitation, AR Tab 16 at 3047, and on May 18, 2011, the agency issued a revised Statement of Work, AR Tab 22 at 4255. This time, the agency specified the number and types of personnel required at each training site. *Id.* at 4278. Amendment 15 also changed the proposal evaluation criteria from "best value" to "lowest price technically acceptable." AR Tab 16 at 3113.

SSI, ProActive and DMS submitted proposals. AR Tab 36 at 4852. Each of the three proposals was deemed technically acceptable. AR Tab 33 at 4818. After conducting an independent analysis of ProActive's pricing proposal, *see* AR Tab 34E; AR Tab 36 at 4857, the agency awarded the contract to ProActive, which had the lowest price, on July 1, 2011. AR Tab 37 at 4858. On July 18, 2011, the agency provided de-

briefings to the offerors. AR Tabs 44–46. On July 21, SSI protested the award to GAO. AR Tab 49 at 4991. GAO dismissed SSI's protest on August 12, 2011, AR Tab 53 at 5071, concluding that "[a] protester's claim that a bidder or offeror submitted an unreasonably low price—or even that the price is below the cost of performance—is not a valid basis for protest." *Id.* SSI filed this action on August 24, 2011. *See generally* Compl.

Plaintiff argues that the agency could not have made a rational decision in favor of ProActive because ProActive's proposal contained limited information concerning what it offered to provide. Pl.'s Mot. 7–17. In particular, plaintiff contends that labor costs were not specified in a detailed way in ProActive's proposal, *id.* at 10, and that the agency failed to conduct an adequate price reasonableness analysis to ensure that ProActive could provide the required MAET training services at the low price that it offered, *id.* at 17. Plaintiff speculates that the fact that ProActive's price was so low is either evidence of a buy-in (selling its services to the government at below cost), or evidence of a short-staffing plan in which ProActive would not provide full-time training personnel or would not provide the required number of training personnel. *Id.* at 12. Plaintiff also contends that ProActive's price was unbalanced and that the agency failed adequately to consider the risks associated with ProActive's proposal as required by FAR 15.404–1(g) and the RFP. *Id.* at 19–21.

Defendant argues that in a procurement for a fixed-price contract, the contractor—and not the agency—bears the risk that the work can be performed for the price offered and therefore it is irrelevant that ProActive's price was almost twenty percent lower than the other two offerors. Def.'s Opp. 11. Defendant also contends that the solicitation did not require either that offerors submit detailed cost information in support of their pricing or that the agency perform a price realism analysis that would have examined such detailed cost information. *Id.* at 9.

Defendant also contends that, in the case of a fixed-price procurement, the agency ordinarily is not required to conduct a cost or

price realism analysis because price reasonableness can be established by competition. *Id.* at 13–14 (citing FAR 15.305(a)(1)). Defendant argues that the agency's price analysis was reasonable and consistent with the solicitation requirements and the Federal Acquisition Regulation, *id.* at 9; that the agency reasonably concluded, based on the independent price analysis that it conducted, "that ProActive understood the solicitation's requirements and that its proposal met the solicitation's staffing requirements," *id.;* and that ProActive's price was reasonable, *id.* at 20. Defendant also contends that the agency reasonably concluded that ProActive's proposal was not unbalanced because ProActive "did not propose unrealistically high or low prices for the mobilization, the base year, or option years of the contract." *Id.* at 22–23.

Defendant now moves to supplement the AR with the declaration of Gregory B. Seavers (Declaration), a Senior Cost Analyst who conducted the independent analysis of the reasonableness of ProActive's price proposal on behalf of the USMC. Def.'s Mot. 1–2.

## II. Legal Standards

When considering motions for judgment on the administrative record in a bid protest proceeding, the court should focus its review on the record already in existence. *Emerald Coast Finest Produce Co. v. United States,* 76 Fed.Cl. 445, 448 (2007) (citation omitted). "The purpose of limiting review to the record actually before the agency is to guard against courts using new evidence to convert the arbitrary and capricious standard into effectively de novo review." *Axiom Res. Mgmt., Inc. v. United States (Axiom),* 564 F.3d 1374, 1380 (Fed.Cir.2009) (internal quotation marks omitted).

In *Axiom,* the United States Court of Appeals for the Federal Circuit (Federal Circuit) held that the United States Court of Federal Claims abused its discretion when, in ruling on a motion to supplement the administrative record, it did not first determine whether "supplementation of the record was necessary in order not to frustrate effective judicial review." *Id.* at 1381 (internal quotation marks omitted). According to the Federal Circuit, "The focus of judicial review of

agency action remains the administrative record, which should be supplemented only if the existing record is insufficient to permit meaningful review consistent with the [Administrative Procedure Act]." *Id.*

## III. Discussion

Defendant moves the court to supplement the AR with the Declaration and argues that supplementation is appropriate because it would "clarif[y] the source of information relied upon by the agency's Senior Cost Analyst in his independent analysis of the reasonableness of [ProActive's] price proposal." Def.'s Mot. 1.

Although the data that Mr. Seavers relied upon are included in the AR, *see* Add. AR Tabs 34B–34E, defendant contends that the agency's independent analysis "does not identify the specific contracts from which [Mr. Seavers] derived the data," Def.'s Mot. 1–2, that "the [D]eclaration provides important information about the methodology employed by Mr. Seavers in conducting the independent analysis of ProActive's price proposal," Def.'s Reply 1–2, and that the Declaration "identifies the specific statements in ProActive's proposal upon which Mr. Seavers relied" to conclude that ProActive's proposal met the solicitation requirements, *id.* at 2. Defendant also contends that supplementation is "appropriate to avoid confusion" regarding a statement made in the independent analysis which suggests that Mr. Seavers had an oral communication with ProActive or another offeror. Def.'s Mot. 2. The statement in the independent analysis reads: "Based on the review, it appears that the vendor verbally proposed as the SOW required and matched how the current process worked." Add. AR Tab 34E at 4829 E6. Defendant requests that the court admit the declaration in order to clarify that Mr. Seavers did not have any oral communications with ProActive or any other offeror. Def.'s Mot. 2.

Plaintiff responds that the Declaration consists of "legal conclusions, prepared and offered in the heat of litigation," Pl.'s Resp. 3, and therefore does not represent the record actually before the agency, as required by *Axiom. Id.* (citing *Axiom,* 564 F.3d at 1380).

Plaintiff also argues that the Declaration would be redundant because "both the clarification about the data on which Mr. Seavers relied and the data itself are presently part of the AR." *Id.* Plaintiff states that it "unqualifiedly accepted the fact that no oral communication took place" between Mr. Seavers and the offerors, and that no clarification was required with regard to this undisputed fact. *Id.* at 4. Plaintiff concludes that admitting the Declaration would be both redundant and unnecessary. *See id.* at 2–4.

■ The court agrees with plaintiff. The Declaration is unnecessary for either of the purposes for which defendant offers it and excluding it would not "frustrate effective judicial review." *Axiom*, 564 F.3d at 1381 (internal quotation marks omitted). Clarification of the prior ProActive contracts on which Mr. Seavers relied to conduct the independent price analysis is unnecessary because the information already in the AR is sufficiently detailed. While defendant argues that the AR "does not identify the specific contracts from which [Mr. Seavers] derived the data" to determine whether ProActive's price was reasonable, Def.'s Mot. 2, the AR already contains the independent analysis, which notes that the overhead, general and administrative costs and profit factors were "based on previous experience with subject offeror." Add. AR Tab 34E at 4829 E8. Moreover, the spreadsheets which contain the contract data upon which the pricing analyst relied have headings sufficient to describe the previous ProActive contracts, even though they do not state the specific contract numbers. *See* Add. AR Tabs 34B–34D (showing headings that read, respectively, "ProActive Technologies, L.L.C., USMC West COMS—Camp Pendleton—Additional BN MOUTs Pricing Master Sheet," "ProActive Technologies, L.L.C., USMC East COMS—HEAT # 3—MCB Camp Lejeune Pricing Master Sheet," and "USMC East COMS—Camp Lejeune—IIT and Avatar Support Pricing Master Sheet Rev 1"). Because the AR already contains information adequate to identify the data upon which Mr. Seavers relied in determining that ProActive's price was reasonable, the contract numbers are not necessary to the resolution of this litigation. Moreover, the methodolo-

gy employed is adequately laid out in the independent analysis, Add. AR Tab 34E, and the statements made by ProActive in its price proposal upon which the price analyst relied to conclude that ProActive complied with the Solicitation are also part of the AR, *see* AR Tab 27 at 4562–63, 4600. The Declaration is not necessary to clarify the source of the underlying data or the pricing analyst's methodology.

Plaintiff does not dispute the fact that no oral communications were conducted with the offerors. Pl.'s Resp. 4 ("Plaintiff makes no issue of this point and, in its opening brief, unqualifiedly accepted the fact that no oral communication took place."). The inclusion in the record of the Declaration, insofar as defendant offers it to show that there were no oral communications with offerors, simply documents facts recognized by both parties and therefore is not necessary to "effective judicial review." *Axiom*, 564 F.3d at 1381 (internal quotation marks omitted). The court also declines to permit supplementation of the AR with the Declaration for that purpose.

IV. Conclusion

Based on the foregoing, defendant's Motion is DENIED.

IT IS SO ORDERED.